UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAXO LOUIS and INASE
FRANCOIS,

      Plaintiffs,

v.                          Case No: 2:20-cv-6-FtM-29NPM

MILTON TRANSPORTATION, INC.,
a Pennsylvania Corporation,
BTR, INC., a Pennsylvania
Corporation, and WILLIAM
DAVIS,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #20) filed on April 23, 2020. After being ordered to do so, plaintiffs filed a Response (Doc. #22) on May 26, 2020. For the reasons that follow, the motion is granted.

**I.**

**A. Parties**

Plaintiffs Maxo Louis and his wife Inase Francois are residents of Lee County, Florida. (Doc. #5, ¶¶ 2-3.) Defendants Milton Transportation, Inc. and BTR, Inc. are Pennsylvania corporations with their principal places of business in that state.

(Doc. #1, ¶¶ 6-7.)   Finally, defendant William Davis is an individual domiciled in Pennsylvania.[1]  (Id. ¶ 8.)

## A. Factual Background

According to the allegations in the Complaint, Louis was operating his motor vehicle in New Hampshire on August 2, 2018. (Doc. #5, ¶ 11.)   At approximately 8:13 a.m., Davis, who was operating a semi-tractor-trailer vehicle, collided with the rear and side of Louis's vehicle.  (Id. ¶ 13.)  Due to the accident, Louis has sustained serious personal injuries and significant financial damages.  (Id. ¶¶ 14-15.)  The Complaint alleges Davis was an employee of Milton and BTR, and that Milton and BTR are the registered owners of the tractor trailer.  (Id. ¶¶ 9-10.)

## B. Procedural Background

In December 2019, plaintiffs initiated this action by filing a Complaint for Damages in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.  (Id. p. 1.)  The Complaint contains the following three claims: (1) negligent operation of a motor vehicle against Milton and BTR; (2) negligent operation of a motor vehicle against Davis; and (3) loss of consortium against all three defendants.  (Id. pp. 2-5.)  The first

---

[1] As part of their Response, plaintiffs suggest Davis has died since the accident.  (Doc. #22, pp. 4-5.)  Given the Court's conclusion that this case will be dismissed for lack of personal jurisdiction, the Court finds it unnecessary to further address that this matter.

two claims are alleged by Louis, while the third claim is alleged by Francois.  (Id.)

On January 6, 2020, defendants removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. #1.)  The same day, defendants filed a motion to dismiss for lack of personal jurisdiction, arguing the case should be dismissed because the only connection to Florida is plaintiffs' residency.   (Doc. #3, p. 1.)  In response, plaintiffs argued the Court could exercise personal jurisdiction or, alternatively, allow for evidentiary discovery related to defendants' business ties with Florida.  (Doc. #16, p. 5.)  The Court granted the latter request, denying the motion without prejudice and permitting plaintiffs to conduct factual discovery on the personal jurisdiction issue within forty-five days of the Court's Order. (Doc. #17, p. 2.)  The Court also permitted plaintiffs to file an amended complaint within sixty days, and defendants to file a renewed motion to dismiss within fourteen days of the amended complaint or the expiration of the time to file an amended complaint.  (Id.)

No amended complaint was subsequently filed and on April 23, 2020, defendants filed the Renewed Motion to Dismiss currently before the Court.  (Doc. #20.)  In the motion, defendants argue they do not have sufficient contacts with Florida to permit the Court from exercising personal jurisdiction over the matter.  (Id.

3

p. 3.)   In their Response, plaintiffs acknowledge that their previous opposition to dismissal was based on defendants' prior assertion that they were registered to do business in Florida and had appointed agents for service of process.   (Doc. #22, pp. 1-5.)   However, because defendants have since stated this was an erroneous assertion, plaintiffs request the motion be denied with prejudice, but the case transferred to the United States District Court for the Middle District of Pennsylvania.   (Id. pp. 5-6.)

## II.

### A. Personal Jurisdiction

This Court has previously described the personal jurisdiction requirements as follows:

> To hear a case, a federal court must have jurisdiction over both the subject matter of the action and the parties to the action. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999). Absent either, "the court is powerless to proceed to an adjudication." Id.

> A federal court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant if: (1) personal jurisdiction is authorized under the forum state's long-arm statute and (2) the exercise of such jurisdiction comports with constitutional due process. Carmouche v. Tamborlee Mgmt., Inc., 789 F.3d 1201, 1203 (11th Cir. 2015); Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008). The exercise of personal jurisdiction comports with due process if the non-resident defendant has established "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

> The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). A prima facie case is established if the plaintiff alleges enough facts to withstand a motion for directed verdict. SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997) (citation omitted). "First, the plaintiff must allege sufficient facts in [its] complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute." Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted). If the defendant sustains its burden by raising "a meritorious challenge to personal jurisdiction" "through affidavits, documents[,] or testimony," the burden shifts back to the plaintiff. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996). Plaintiff is then required to "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." Future Tech. Today, Inc., 218 F.3d at 1247 (citation omitted).

Pennisi v. Reed, 2018 WL 3707835, *2 (M.D. Fla. Aug. 3, 2018) (footnote and marks omitted). If the plaintiff's complaint and the defendant's evidence conflict, "the district court must construe all reasonable inferences in favor of the plaintiff." Thomas v. Brown, 504 Fed. App'x 845, 847 (11th Cir. 2013) (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).

Defendants argue (1) plaintiffs have alleged insufficient facts to bring this action within the ambit of Florida's long-arm statute, and (2) defendants do not have sufficient contacts with

Florida to satisfy due process requirements.  (Doc. #22, pp. 4-13.)  The Court will address these arguments in turn.

**1. Florida's Long-Arm Statute**

Florida's long-arm statute authorizes general and specific personal jurisdiction.  § 48.193(1)-(2), Fla. Stat.  Section 48.193(2) addresses the exercise of general personal jurisdiction, providing that "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."  In contrast, "specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1352 (11th Cir. 2013) (citation omitted).  Based on the language in the Complaint, it appears plaintiffs are asserting both general and specific jurisdiction for each defendant.  (Doc. #5, ¶ 7.)  Accordingly, the Court will address each assertion as it applies to each defendant.

**a. General Jurisdiction**

"Although no connexity is required for general jurisdiction, the 'substantial and not isolated activity' requirement means

6

'continuous and systematic general business contact with
Florida.'" Gazelles FL, Inc. v. Cupp, 2018 WL 7364591, *5 (M.D.
Fla. Sept. 26, 2018) (quoting Woods v. Nova Companies Belize Ltd.,
739 So. 2d 617, 620 (Fla. 4th DCA 1999)).  For general jurisdiction
to apply, the non-resident defendant's affiliations with a state
must be "so continuous and systematic as to render them essentially
at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117,
127 (2014) (marks and citations omitted).

        Having reviewed the allegations in the Complaint, the Court
finds plaintiffs have failed to allege sufficient facts to
establish a prima facie case of general jurisdiction over any of
defendants.   The Complaint alleges Milton and BTR operate "an
interstate trucking and transportation business in the State of
Florida," and actively "transact business throughout Florida,
including Lee County." (Doc. #5, ¶¶ 4-5.)  However, Milton and
BTR are both Pennsylvania corporations (id.), and the allegations
in the Complaint are insufficient to show that these defendants
have "continuous and systematic general business contact with
Florida." See Daimler, 571 U.S. at 137 ("[O]nly a limited set of
affiliations with a forum will render a defendant amenable to all-
purpose jurisdiction there.  For an individual, the paradigm forum
for the exercise of general jurisdiction is the individual's
domicile; for a corporation, it is an equivalent place, one in
which the corporation is fairly regarded as at home." (citations

and marks omitted)); <u>Monkton Ins. Servs., Ltd. v. Ritter</u>, 768 F.3d 429, 432 (5th Cir. 2014) ("It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business").

The Complaint's allegations regarding Davis are even less sufficient than those regarding Milton and BTR.   While the Complaint generally alleges all the defendants engage in "substantial and not isolated activity" within Florida (Doc. #5, ¶ 7), the allegations specifically as to Davis simply state he is a Pennsylvania resident who caused the vehicular accident in New Hampshire in the course of his employment for Milton and BTR (<u>id.</u> ¶ 6.)   The Court finds these allegations insufficient given that "[a] plaintiff has an especially heavy burden in seeking to establish general jurisdiction."   <u>In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala., on Sept. 22, 1993</u>, 923 F. Supp. 1524, 1528 (S.D. Ala. 1996).

Because the Complaint's allegations regarding all three defendants are insufficient to establish a prima facie case of general jurisdiction, the Court will turn to the Complaint's alternative allegation of specific jurisdiction.

### b. Specific Jurisdiction

Florida's long-arm statute provides a variety of ways in which a defendant can subject themselves to personal jurisdiction, including by "[o]perating, conducting, engaging in, or carrying on

a business or business venture in this state or having an office or agency in this state." § 48.193(1)(a)1., Fla. Stat.   In the Complaint, the plaintiffs allege jurisdiction is appropriate because the defendants "are actively engaged in business" in Florida.   (Doc. #5, ¶ 7.)   The Court will assume for purposes of this Opinion and Order that this is an assertion of specific jurisdiction under section 48.193(1)(a)1.

To establish that a defendant is "carrying on a business" for purposes of section 48.193(1)(a)1., "the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." Future Tech. Today, Inc., 218 F.3d at 1249.   Factors relevant, but not dispositive, to this analysis include the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients.   Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005) (citations omitted).

From the outset, it is clear that section 48.193(1)(a)1. does not apply to Davis, who, as an employee of Milton and BTR, is not "carrying on a business" within Florida.   Furthermore, the Court finds that the allegations related to Milton and BTR are insufficient to establish a prima facie case of specific jurisdiction under section 48.193(1)(a)1.   The Complaint alleges

that Milton and BTR actively "transact business throughout Florida, including Lee County." However, this allegation, by itself, is insufficient. See Snow v. DirecTV, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006) (noting "vague and conclusory allegations" "are insufficient to establish a prima facie case of personal jurisdiction"); Am. Registry, LLC v. Hanaw, 2014 WL 12606501, *8 (M.D. Fla. July 16, 2014) ("Plaintiff also alleges that Levy and Showmark Media 'conduct business within this judicial district.' This allegation is conclusory and cannot serve as the basis for personal jurisdiction." (citations omitted)). In reviewing the Complaint, the Court finds there are no allegations applicable to the factors discussed above. Accordingly, the Court finds that plaintiffs have failed to establish a prima facie case of specific jurisdiction under section 48.193(1)(a)1. over any of the defendants. See Gazelles, 2018 WL 7364591, *9 ("In this case, the Court finds that Plaintiffs failed to establish a prima facie [case] that § 48.193(1)(a)(1) permits specific jurisdiction over the Defendants. In the Amended Complaint, there are no allegations that Defendants have an office in Florida, a license to do business in Florida, any Florida clients, nor any information regarding the percentage of overall revenue received from Florida residents."); Am. Registry, LLC, 2014 WL 12606501, *8 ("Due to the absence of factual allegations showing a general course of business activity in Florida, the Court finds that plaintiff has failed to plead a

10

prima facie case of jurisdiction against Levy under Fla. Stat. § 48.193(1)(a)(1).").

**2. Minimum Contacts**

The Court's conclusion that plaintiffs have failed to plead a prima facie case of specific jurisdiction[2] under Florida's long-arm statute moots the issue of whether defendants have sufficient contacts to satisfy due process concerns. See Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant."); Goldberg v. U.S., 2014 WL 2573060, *6 (S.D. Fla. June 9, 2014) ("Because the Court determines that Goldberg failed to allege sufficient facts to satisfy Florida's long-arm statue, it is unnecessary to address whether minimum contacts exist."). Nonetheless, even if the Complaint's allegation of specific jurisdiction under section 48.193(1)(a)1. was sufficient as to Milton and BTR, the Court finds

---

[2] If plaintiffs had sufficiently pled general jurisdiction over the defendants, the minimum contacts analysis would have been unnecessary. See Bioderm, Inc. v. Medexus, Inc., 2006 WL 8440122, *6 (M.D. Fla. Apr. 10, 2006) ("The due process requirement of minimum contacts is determined by application of the continuous and systematic contacts standard. Since Fla. Stat. § 48.193(2) governing general jurisdiction incorporates this high standard, the Court concludes that Defendant maintained minimum contacts with Florida to satisfy due process requirements." (citation omitted)).

these defendants lack the minimum contacts with Florida necessary to satisfy due process.

In specific personal jurisdiction cases, the Court applies the following three-part due process test: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." Mosseri, 736 F.3d at 1355 (citations omitted).   The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, "a defendant must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." Id. (quoting Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1267 (11th Cir. 2010)).

Here, the Court need not make it past the first prong of the analysis.   See Waite v. All Acquisition Corp., 901 F. 3d 1307, 1313 n.2 (11th Cir. 2018) ("Because we conclude that the plaintiffs' claims do not arise out of or relate to at least one of Union Carbide's contacts with Florida, we need not address whether Union Carbide purposefully availed itself of the privilege of conducting activities in Florida or whether the exercise of

jurisdiction would violate traditional notions of fair play and substantial justice."). In determining whether a plaintiff's claims arise out of or relate to a defendant's contacts with the forum state, the Court "look[s] to the 'affiliation between the forum and the underling controversy,' focusing on any 'activity or . . . occurrence that [took] place in the forum State.'" Id. at 1314 (quoting Bristol-Myers Squibb Co. v. Superior Court, 137 S.Ct. 1773, 1780 (2017)). From the allegations in the Complaint, it is clear plaintiffs' injuries and claims arise from a vehicle accident that occurred in New Hampshire, and therefore do not "arise out of or relate to" any of the defendants' contacts with Florida. Therefore, plaintiffs have failed to establish the minimum contacts required for personal jurisdiction and dismissal is required.

**B. Transfer**

As an alternative to dismissal, plaintiffs request the case be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (Doc. #22, p. 6.) Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "In this Circuit, a court lacking personal jurisdiction of the defendant may transfer

the case under either [§] 1404(a) or [§] 1406(a)." <u>Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.</u>, 689 F.2d 982, 992 n.16 (11th Cir. 1982). As the party requesting the transfer, it is plaintiffs' burden "of persuading the trial court that transfer is appropriate and should be granted," <u>Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.</u>, 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999), and "the decision whether to transfer a case is left to the sound discretion of the district court," <u>Roofing & Sheet Metal Servs., Inc.</u>, 689 F.2d at 985. As plaintiffs have failed to offer any argument as to why this matter should be transferred rather than dismissed, the Court finds they have failed to meet their burden under section 1404(a). <u>See Interim Healthcare, Inc. v. Interim Healthcare of Se. La., Inc.</u>, 2020 WL 3078531, *16 (S.D. Fla. June 10, 2020) ("[A]lthough Defendants mention in the heading of their Motion to Dismiss that the case should be transferred pursuant to § 1404(a), they present no arguments regarding the issue of transfer. Thus, the Court will not address the issue of transfer pursuant to § 1404(a).").

Accordingly, it is now

**ORDERED:**

Defendant's Renewed Motion to Dismiss For Lack of Personal Jurisdiction (Doc. #20) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing such claims in a jurisdiction in which personal jurisdiction can be asserted against the defendants.

14

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of July, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record